Mr. Sanderford, please come forward. Good morning. May it please the court, counsel. My name is Dean Sanderford, Federal Public Defender's Office, and I'm here for Mr. Waugh. The issue in this case is whether the district court was required to instruct the jury on simple possession. That turns on whether a rational jury could have found that the government had not proven intent to distribute beyond a reasonable doubt. Applying this standard in Burns, this court held the instruction was required when the defendants flew from San Diego to Denver with triple beam scales, rented a hotel room, and bought $13,400 worth of 100% pure cocaine. In Trujillo, the instruction was warranted when the defendant had a handgun, a spoon with cutting agent residue, and 112 grams of 79% pure cocaine packed in four separate bags. If the instruction was required in those cases, and it was, it's got to be required here. The defendants in those cases had tools of the trade. Mr. Waugh didn't. Is this an A-level felony that he was charged with? A-level felony. He was charged with possession with intent to distribute, I think it was five grams or more? Right, but it's, I think it was 50 grams or more, right? 50 grams or more. That's what the mixture, yes. So there's a, it's B-1, A, B, and C, depending on the amount? Yeah, he had a, he had an A-51. That's why his mandatory minimum was 10. Okay. Yeah, that's right. I believe it was 50 grams in the indictment, but it was a detectable amount, not actual. That's depending on how they charge that. It changes the mandatory minimums. This was. What was the evidence that he was a user? Well, there wasn't evidence, affirmative evidence that he was a user. Isn't that a problem for you? I don't think it is, because the standard is whether or not a rational jury could acquit, and a rational jury can acquit if the government doesn't prove intent to distribute beyond a reasonable doubt. Well, on the facts of this case, what reasonably jury couldn't determine that he didn't just simply possess? Well, the evidence was based, the evidence of distribution was based mostly on the agent, the expert testimony. A rational jury could have discounted that expert's testimony for various reasons. Well, that's what I'm asking. What are the reasons? Because I don't see it yet. I'm trying to get to them. Let me try. So, specifically, the jury could have found that he was inflating the number, the amount that Mr. Wall actually had in the car, while simultaneously understating what a user would have. So let me start with the first one. Are you and I reading the same facts of this case? Yes. Yes, we are. All right. Go ahead. Let me try to explain. So the expert testifies that he thinks that he had a pound per bag, per the three bags of the Ziploc bags. The only basis for that testimony was that that's how much the bags would hold. Then on cross-examination, he says, well, it's very possible that they could have had not just less, but a lot less. When he's talking about user amounts, on direct he starts at 3.5. Then on cross, he says, well, maybe 7. On redirect, he says, well, maybe 10. Actually, I'm back to 3.5. A rational jury could think, well, what's going on here? Can we really rely on this? Well, I agree with you that a jury could find it. I disagree with you on whether a rational jury could find that. Well, why couldn't a rational jury say, this expert's going from 3.5 grams to three times that much, facilitating through just 26 pages of testimony. The reason being, to answer your own question, the reason being is the facts of this case. A 10-mile chase, things being thrown out of the windows, sticking to the ‑‑ I mean, the facts just go on and on and on. And now you're down to saying, well, a rational jury really could have just convicted him of simple possession. I think you've got to focus on what a rational jury could have found the minimum quantity to be here. Let's sort of go backwards here. Do you agree that a rational jury could have found that he possessed with intent to distribute? Sure, of course. Okay. And the amount you're talking about here that was actually recovered, 54 grams, plus or minus. Right. And in addition to the 54 grams that was recovered, I think there was pretty well undisputed evidence that there was an attempt, and possibly a successful one, to destroy some of the meth he had. Yes. I mean, I would even concede that he did destroy some of it. I mean, there's a meth bleach slurry, as the officers describe it. The problem is we don't know how much that was. We don't know how long it took him to rip open these bags, pour the bleach in the trash cans. Most importantly, we don't know how long it takes bleach to dissolve meth. There was no evidence about how that process actually works. I mean, they didn't work. Some of the meth we're talking about here, it's not something that was skimmed off of the bleach, is it? No, it wasn't. Okay. That's what I'm saying. I agree that some of it was dissolved. We just don't know how much. I think on these facts, the jury could find maybe he had an ounce per bag. The agent said it could have been a lot less than a pound. That allows room for some of it to be dissolved. The amount thrown out of the car, one piece hits the officer's windshield and then he sprays it off with a hose. We have no idea how much that was. Okay. Here's my problem as a matter of law. When you're talking to Judge Baldock, you're saying, well, the jury could have disbelieved this person. The jury could have found that it wasn't for distribution and so forth. If the test of when you're entitled to a lesser included is that the jury could have disbelieved the government's evidence, then you would always, 100% of the time, just a minute, be entitled to a lesser included. Because always a jury could disbelieve the affirmative evidence of the government. You have this huge gap, though, that you don't have any affirmative evidence of user. Without that, unless we're starting to insist that there be some affirmative evidence to support a lesser included, then without that anchor, lesser included, you'd be entitled to it on every case. I understand where you're coming from. My argument is not that the jury can automatically disbelieve any witness. There has to be a rational basis for the jury to disbelieve the witness. But there will always be some kind of an argument that they're rational because you might not have believed this guy. He didn't seem very credible on the stand. I mean, apart from kind of the subjective factors that don't appear on the appellate record, I think that it's fair to say that on appeal, when you're arguing whether a rational jury could have disbelieved a witness, you need to point to something in the transcript. Okay, so we're in agreement on that, that it's got to be more than an argument that you could have disbelieved all these other witnesses. That argument by itself can't be. So then we have to look at what you have affirmative, that he was a user. And I don't see anything affirmative. No, no, no. I disagree. I think that's where we disagree because I don't think we need any evidence affirmative that he was a user, just evidence of why a rational jury could have thought this expert, his opinion wasn't reliable. His testimony itself. Okay, now you've treaded back over to what he said. We're talking about disbelieving the government's expert. Okay, let me try to make this distinction a little clearer then. What I'm saying is you can't just stand up on appeal and say that a jury could have disbelieved that witness, period. But you can't get up and say a rational jury could have disbelieved this witness because there were internal inconsistencies in the witness's testimony. There's almost always going to be some way to cross-examine or impugn a witness. It was hardly ever a trial where there's not some ability to do that. Well, I mean, they can't be de minimis, I wouldn't think. There needs to be something significant. But I think we do have that here. For example, this expert said that a quarter gram is an average dose, but a user can go through 2 grams really quick. Well, if a user can go through 2 grams really quick, 10 grams as an absolute cap seems kind of arbitrary and contrary to common sense. Why would somebody who can go through 2 grams really quick limit themselves to 10 grams if they have the money to buy more? There's every incentive to buy more if you've got the money. Buying drugs is illegally risky, so it makes sense to stockpile. Presumably it's cheaper the more you buy. That's just how the sale of goods works, legally or illegally. But there's things just internally in this expert's testimony that could have given the jury, a rational jury, pause. Well, your case is sort of based on what the cops didn't find in his car, right? No gun. Hardly, yeah. No scales. Right. But, you know, I mean, reasonable doubt can be based on the absence of evidence. Right. That's part of my point, that the standard is whether or not a rational jury could have acquitted. A rational jury can acquit just because they don't think the government proved the element beyond a reasonable doubt. Like, for example, in an armed robbery case, the victim says the guy was armed, but it was dark, the victim was on drugs, no gun was recovered. A jury can acquit on the armed part based solely on that without affirmative evidence. This isn't a case of the jury acquitting. This is a case based on your argument that the trial court erred in failing to give a lesser included offense. So you're not worried about acquitting because they could have found maybe guilty on either one had they been instructed. But the test is whether a rational jury could have acquitted on that element, not what the jury actually did. If the jury had acquitted, obviously we wouldn't be here. So what's your remedy if you win? Well, the government would have the opportunity to retry on the charges. I mean, your guy loses 100 percent, doesn't he? I mean, he's convicted of something. Well, yeah, but he might get convicted of simple possession before, which is a much less serious offense. Lesser time in prison. Right. It would still be a felony given his prior, but it's less time in prison. And, you know, I mean, he should have at least, the jury should have at least been given that option. That was his defense. I mean, granted, maybe the evidence is weak. He did not testify? He didn't testify. Okay. So, all right. Is there any case on the basis of what I hear you arguing in which you would never say that the court erred in failing to give the lesser included offense on facts like this? Well, I mean, Pacheco, I think, is a good example of when the instruction is not necessary because the evidence and distribution was absolutely overwhelming. Multiple containers of drugs, text messages indicative of drug dealing, multiple purchases of distribution quantities. You know, plus that guy's defense wasn't that he had the drugs but they were for personal use. It was that he didn't know about them at all. So we're talking about a rational trial fact on the basis of what you just said. We have an 85-mile-an-hour chase for 10 miles with things flying out the window. I mean, that's why I'm saying on the facts that you have, and then you say is there a rational jury could do that, that's where I'm having the trouble. Not even applying the totality of the circumstances. Sure. Saying on these facts, can I say that your client at the trial court committed error in failing to give that lesser included offense? Well, I mean, I think if you compare these facts to the ones in Burns, say, you know, $13,000 worth of 100% cocaine that they flew halfway across the country to buy, this court said the instruction was necessary. Well, but this guy, if he had gotten all the way across the country and sold it, he might have had that much money to begin with, too, wouldn't he? Well, who knows? I mean, that's speculative. I mean, we're talking about what a rational jury could have found, not what, you know. So who knows? I mean, Trujillo's another pretty good case for us, I think. That was 112 grams of cocaine, 79% pure. That guy had a gun and he had a spoon with residue of a cutting agent. Why would a user have a residue of a cutting agent on a spoon? This court still said the instruction was properly given. Wouldn't we expect in this case – actually, let me rephrase this. So what was the evidence at trial that your client was a user? There wasn't any evidence, affirmative evidence. There was no affirmative evidence that he was a user. No, there wasn't. But there was, you, I think, have to agree, evidence that he could have had this for purposes of distributing it. Sure, yeah, of course. But it's just whether a rational jury would have had to reach that conclusion, whether they were compelled to. And I think given the discrepancies in this expert's testimony, the kind of seemingly arbitrary number of 10, which isn't even 10 all the time, sometimes it's 3.5, sometimes it's 7, that a jury could have been like, well, we don't really know if we believe this guy. Now, this jury clearly did. I mean, don't you have to have some evidence of personal use? No, I don't think you do because the standard is whether a rational jury could acquit. And a rational jury can acquit based on just lack of evidence, not affirmative. That's only the first hand clapping. You have to have two questions we have to answer. Could the jury have acquitted on the higher offense? And could the jury have convicted on the lesser offense? And I don't see any evidence that could support that second proposition. But he conceded the second offense. He conceded it. He conceded he possessed the drugs. When did he concede it? He didn't testify. No, not in his testimony, but in the closing arguments and openings. The lawyer just said, yeah, he had meth in the car, but he didn't intend to sell it. That was his entire defense. No, no, that's not a concession that he was the user. It's a concession that he possessed the drugs. It's a concession of a fact that nobody could deny. It had nothing to do with why he wanted the meth. Did he ever say, did his lawyer ever say, this guy had that for use? No, but if you're saying he possessed the drugs and he didn't intend to distribute them, the obvious implication is that he's a user. What else would he be doing with them? Burying them in his backyard is the only thing that he could have done with them. I see I'm almost out of time. If I could reserve the remainder, that would be great. That's fine. Thanks. Thanks for the good argument. May it please the Court. Well, Counsel, in this circuit we've got some case law that goes pretty far in regards to granting or saying that the trial court erred when he didn't give the lesser included offense. How does this case differ from the most draconian case that we've got, where they did say that he should have had the lesser included offense? The two cases which Counsel has argued in his brief in chief and also his reply brief would be Burns and Trujillo. The Burns case from 1980, I don't believe there was any evidence in that case presented by the government, expert testimony, that the evidence there was inconsistent with use, that it was more consistent with distribution. There was no evidence to that point. Also, and very specifically and very importantly in Burns, the government in its own brief painted itself into a corner in that case. By saying this, while obviously the jury was not compelled to draw the inference from the evidence that Burns and Andre had a specific intent to distribute cocaine, sufficient evidence was before them that would allow them to do so. Based upon that concession in the brief, the court said, well, the jury was free also not to draw such an inference. It's the government's position in this case that no rational jury could have found that the defendant was simply possessing this without the intent to distribute it. So what was the evidence in Burns that it might have been for use? There was none. So then why isn't that case, Bayhors' case with ours? I'm sorry? If there was no evidence there of use, why isn't that case then pretty much on point authority for this situation? Again, Your Honor, the court made its finding based upon the government's admission that the statement was that the jury was free to draw that inference or the jury was free not to draw that inference. And that was based upon the government's admission in its brief. And here the government's not admitting that, that the jury could have made that inference here. No rational jury could have made that inference based upon these facts. As the court mentioned and questioned counsel about, based on these facts you have a gentleman who had traveled a number of miles, picked up a significant quantity of methamphetamine. And I agree, we don't know how much he destroyed. But he was obviously trying to destroy it. He had placed it in the trash cans with the bleach. Much of it has dissolved. The vehicle overturns. And there is a slurry throughout the entire interior of this car. The troopers tried their best to collect as much as they could. But the trooper admitted, it would have taken multiple hours for us to try to scrape all of that off the interior of the car. What they were able to collect was some 50-some-odd grams. And based upon that, it is the government's position that no rational jury could have drawn the inference that the government in Byrne said that they could have. Do you know of a case from anywhere that would say that the defendant, that there has to be some affirmative evidence of personal use? I am not aware of a case that says that, Your Honor. And the other case, Trujillo, that case was solely based upon quantity. And the court made a specific statement. And it said the government witnesses did not testify that the amount of cocaine seized was consistent with distribution and inconsistent with personal use. And here the government's witnesses, the government's agent, testified that this is not user quantity. This is distribution quantity. The packaging was consistent with distribution quantity. Counsel, we pinned down the other two cases. What's your best case that the trial court didn't err in this case? Well, Judge, you go back to one of the cases which is back from 1991, U.S. v. Leopard, where in that particular case, the court said based upon the government's testimony that the methamphetamine found in the defendant's truck was middle or lower level distributor quantities. That was sufficient. That's your best case? Well, that's the most analogous one, Your Honor. I would agree. What was the name of that case? That was United States v. Leopard, 936 Fed Second, 1138, 10th Circuit from 1991, cited in the government's brief as part of a block code with a number of different cases. Okay. Obviously, the Pacheco case as well, which this court decided. Now, in Pacheco, there are some distinguishing factors. There was a firearm. There were the text messages. So there was some additional evidence which was not present here. But, again, based upon the facts of this case, it's the government's position that no rational jury would have found that would have acquitted the defendant on the greater charge and had convicted the defendant on the lesser charge. What is our standard of review here? Submission of discretion, Your Honor. The court in Pacheco stated. Is it abuse of discretion when we've said that the defendant has a right to instruction on a lesser included if he's got a case to support that? The analysis of the court looking at the evidence is whether the court abuses discretion in making a finding there was insufficient evidence to support the granting of the lesser included. Well, I thought the fourth prong that we're arguing about is that the jury is able to rationally equip the defendant of greater offense and convict of the lesser offense. That is the fourth prong. That is correct, Judge. And that's the only prong we're arguing about here in this case. I think that's true. Yeah. Because, obviously, the defendant raised that issue, lower court, asking for the lesser included instruction.  Possession is a subset of possession with intent. There is a dispute. Now, there is no evidence in the record that he was a user, but there is a dispute that he did not have the intent to distribute it. And that's what the counsel argued in opening. That's what he argued in his close. There was no evidence to support that, but that's what he claimed. So, yes, that is the fourth element. Now, under Pacheco, the court said, we may only reverse the district court's denial of this instruction if we are convinced a rational jury could convict on the lesser charge and acquit on the greater charge. And in Pacheco, again, they said the standard of view is abuse of discretion. So, again, it's the government's position that, based upon this record, based upon the facts in this case, that no rational jury could have made that finding. Now, counsel made one statement and made it a couple of different times, both in his brief and also in oral argument regarding what the government's expert witness talked about, the quantity which was potentially within those sealed bags. He testified that they would contain as much as six pounds, but conservatively speaking, around three pounds of methamphetamine. Now, upon cross-examination, the defense counsel asked him, well, would you agree with me that there's a possibility it could have been less than that? A lot less. And his answer was very possible, very possible, but at which time defense counsel began with the next question. In the context of what his testimony was, he was saying this expert opinion was is that based upon how much was recovered from the vehicle, based upon what was already poured into the bleach over this multi-mile chase, that there was obviously much more than 54 grams that was recovered. Sure, it could have been less than that, but it wasn't, obviously based upon what the facts were in this particular case. So it's the government's position, again, that this court did not use its discretion. If you wanted to rely on that addendum, yeah, it could have been addendum, but it wasn't. It seems to me it was the government's responsibility to follow up on a cross-examination to get that testimony out there. I do not disagree with that, Your Honor. So you can't just say, well, let me tell you what he would have said had he been asked. I do not disagree with that. I'd have had a better trial record if I could have relied on that. I agree. But in the context of what the witness was testifying about, he had just said, it is my opinion it was, conservatively speaking, three pounds. And then he said, well, could it have been less? Well, possibly it could have been, but it was when he was cut off. So I think when the jury, when they heard that, when the court heard that, that's the court's consideration, that no rational jury could have made that finding. And, Your Honor, unless the court has additional questions, I'll address the brief in this argument. Thank you. Thank you. I know I don't have much time. I just want to make a quick point about that Leopard case. It does hold that the instruction didn't have to be given just because it was lower to middle distributor quantities. That's inconsistent with Burns, completely inconsistent, and Burns came first. It was $13,400 worth of 100% pure cocaine, and the instruction was required. That's clearly a lower or middle distribution quantity. Plus, there was more in that case. There was the scales, there was the travel, everything. So, you know, this court's precedent is clear. The case decided first, when they're inconsistent, that one controls. So Leopard just isn't good law. Thank you. Thank you. The case will be submitted, and counsel are excused.